RECEIVED
MAY 3 0 2006
CLERK, U.S. DISTRICT COURT
ANCHORAGE, ALASKA

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ALASKA

In re:

NORBERT LEE HART,

Debtor.

Case No. A05-01457-DMD
Chapter 7

Filed On
4/13/06

## MEMORANDUM REGARDING PLEADING ENTITLED "IN THE NATURE OF STAY LIS PENDENCY"

Steven Fair had filed a pleading entitled "In the Nature of Stay Lis Pendency." I have interpreted this pleading as a request for a stay of this court's order and judgment of March 15, 2006. That order and judgment, which sustained the trustee's objection to Mr. Fair's proof of claim, are on appeal by Mr. Fair. Although Mr. Fair's secured claim has been disallowed in the sum of $56,693.65, the court has determined that he is entitled to receive 19.12% of the sales price from the trustee's sale of real property in which Mr. Fair claims an interest. Subsequent to this court's disallowance of Mr. Fair's claim, an order was entered which authorized the trustee to sell this real property for $49,300.00. Mr. Fair has not appealed this second order.

Fed. R. Bankr. P. 8005 requires that an appellant first seek a stay from the bankruptcy court. If that court denies relief, an appellant can seek relief from the district court. A request for stay is discretionary with the bankruptcy court. In determining whether a stay should be granted, courts have adopted the following test:

> (1) the likelihood that the party seeking the stay will prevail on the merits; (2) whether the movant would suffer irreparable

harm if the stay is not granted; (3) whether the other parties would suffer substantial harm if the stay is granted; and (4) whether the public interest would be harmed if the stay is granted.[1]

These factors weigh against Mr. Fair here. First, I feel it is unlikely that Mr. Fair will prevail on his appeal of the order disallowing his proof of claim. An evidentiary hearing was held on the trustee's objection to Mr. Fair's claim. Mr. Fair failed to produce evidence at this hearing which supported his calculation of the amount of his secured claim. His claim was disallowed, and Mr. Fair will instead receive 19.12% of the sale proceeds from property in which he claims an interest. This percentage is consistent with the terms of a written agreement and the testimony of other parties to the agreement. The paucity of Mr. Fair's evidence to the contrary gives his appeal a small chance of success.

Second, Mr. Fair will not suffer irreparable harm if the stay is not granted. The trustee has been authorized to sell the property in which Mr. Fair claims an interest,[2] but Mr. Fair is to receive 19.12% of the sales price with interest on that amount, at 5% per annum, from January 1, 2004, through the date he receives payment. The trustee will retain the balance of the sale proceeds pending his final distribution. No distribution will be made without notice and an opportunity for hearing.

On the other hand, if Mr. Fair's request for stay is granted, it will harm other interested parties in this case. The stay would negatively impact the trustee's sale efforts,

---

[1] 10 *Collier on Bankruptcy* ¶ 8005.07 (15th ed. revised 2006).

[2] *See* Order Granting Trustee's Application for Authority to Sell Real Property Free and Clear of Liens, entered March 31, 2006 (Docket No. 50).

resulting in the trustee's loss of an interested buyer for property of the bankruptcy estate. The evidence indicates that it would be difficult to find another purchaser or a better price for this asset. The stay, by defeating the trustee's efforts to maximize assets for the estate's benefit, would also be detrimental to the public's interest.

For the forgoing reasons, Mr. Fair's request for stay will be denied. An order will be entered consistent with this memorandum.

DATED: April 13, 2006

BY THE COURT

/s/ Donald MacDonald IV
DONALD MacDONALD IV
United States Bankruptcy Judge

Serve:  Jane Pettigrew, Esq.
       Gary Spraker, Esq.
       Steven Fair, Pro Se Creditor
       U. S. Trustee
           4/13/06