IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| STEVEN GEORGE FAIR SOVEREIGN,<br><br>       Plaintiff,<br><br>vs.<br><br>UNITED STATES, et al.,<br><br>       Defendants. | Case No. 3:06-cv-00129-JWS<br><br>ORDER OF DISMISSAL |

      On May 30, 2006, "Steven George Fair Sovereign, Prosperity by blood descent, Unenfranchised," representing himself, filed a lengthy, rambling, incomprehensible 19-page civil complaint, naming as defendants, the "United States [28 U.S.C. 3002(15)], United States Bankruptcy Court for the District of Alaska, The illegitimate legislative body(s) 'the congress' and this state Ore.73, ch.836, sec.13, legislature(s), The person of democracy 1-999,999,999 one illegitimate corporate being, Gary Spraker, Donald MacDonald IV, William Barstow, U.S. Trustee,"[1]

---

[1] Docket No. 1.

challenging, *inter alia*, "the illegitimate World's Reserve Currency federal reserve notes for corporate enfranchisees to tally their debtor capability, and the calamity presented by revelation of the fiat of *Continental Notes* prohibited by Article I, sec.10, cls. 1 by a legitimate Court."[2]

Mr. Sovereign has also filed an application to waive the filing fee.[3] The Court must deny Mr. Sovereign's application to waive the filing fee, however, "at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit."[4] As explained by the Fourth Circuit Court of Appeals, "screen[ing] out meritless cases" is necessary to prevent the abuse of "free access to the courts."[5]

The Court is aware that in conducting its review, it must liberally construe a self-represented plaintiff's pleadings and give the plaintiff the benefit of any doubt.[6] Before a court may dismiss Mr. Sovereign's complaint for failure to state a claim

---

[2] *Id.* at 17.

[3] *See* Docket No. 4.

[4] *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir.1998) (quoting *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987); *see also* 28 U.S.C. § 1915(e).

[5] *See Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951, 953 (4th Cir. 1995) (en banc), *cert. denied*, 116 S.Ct. 1273 (1996), following *Neitzke v. Williams*, 490 U.S. 319, 324-328 (1989).

[6] *See Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam) ("construing [pro se plaintiff's] inartful pleading liberally" and reversing § 1915 dismissal); *Ortez v. Washington County,* 88 F.3d 804, 807 (9th Cir. 1996).

upon which relief may be granted, the court must provide him with a statement of the deficiencies in the complaint and an opportunity to amend, unless it is clear that amendment would be futile.[7]  Here, amendment would be futile.  The Court cannot decipher Mr. Sovereign's filings.[8]

**IT IS HEREBY ORDERED** that:

1. Mr. Sovereign's request to waive the filing fee, at docket number 4, is DENIED; and

2. This case is DISMISSED with prejudice.[9]

DATED this 7th day of June, 2006, at Anchorage, Alaska.

/s/JOHN W. SEDWICK
United States District Judge

---

[7] See Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir. 1987).

[8] Further, "a complaint ... is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); see also Martin v. Sias, 88 F.3d 774, 775 (9th Cir. 1996); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

[9] See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (dismissal, with prejudice, upheld after "weigh[ing] the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits").